■ In the Matter of ELLIOTT KAHANER, an Attorney, Respondent. ROY RICHARDSON, Petitioner.— In this disciplinary proceeding, petitioner moves to confirm the findings of fact set forth in the Referee's report and to impose such discipline as the court may deem appropriate and respondent, by letter dated May 26, 1971, tendered a conditional resignation, the condition being that it be accepted "unless the Court were inclined to adjudicate a suspension." This proceeding arose out of a conviction of respondent in the United States District Court for the Southern District of New York, upon a jury verdict, of conspiracy to violate section 1503 of title 18 of the United States Code, which proscribes attempts to influence, obstruct or impede the due administration of justice (*United States* v. *Kahaner,* 317 F. 2d 459; cert. den. 375 U. S. 836). Petitioner's motion is granted to the same extent with respect to the Referee's "fundamental findings" and "specific findings of fact" and with the same modifications of the Referee's "fundamental findings" (insofar as applicable to respondent) as are set forth in Matter of J. Vincent Keogh (decided herewith). Additionally, that part of the Referee's "fundamental findings" which states that respondent made no attempt to establish his innocence is stricken. In our opinion, the extent to which these findings as herein modified are confirmed adequately justifies a conclusion that disbarment of respondent would be the appropriate measure of discipline. However, in view of respondent's tender of his resignation as a member of the Bar, we do not disbar him but instead accept his letter of resignation and direct that it be filed and that respondent's name be struck from the roll of attorneys and counselors at law, effective forthwith. Rabin, P. J., Hopkins, Munder, Latham and Gulotta, JJ., concur.